UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: FAMILY DOLLAR STORES, INC., ACCESS FOR
INDIVIDUALS WITH DISABILITIES LITIGATION                    MDL No. 2939


**ORDER DENYING TRANSFER**


**Before the Panel**: Common defendant Family Dollar Stores, Inc., moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Northern District of Illinois. The litigation consists of three actions pending in the District of Colorado, the Northern District of Illinois, and the Western District of Pennsylvania, as listed on the attached Schedule A.[1] Plaintiffs did not file a response to the motion.[2]

After considering the arguments of counsel,[3] we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of this litigation. The three actions are brought on behalf of various classes of persons with qualified mobility disabilities asserting that certain conditions inside Family Dollar stores violate the Americans with Disabilities Act. The actions share allegations that (1) the aisles of Family Dollar stores are blocked or narrowed with a host of obstructions (*e.g.*, merchandise, merchandise displays, and stocking carts); (2) this practice is intentional, and done for the purpose of increasing sales and profits; and (3) the access barriers are systemic, recurring, and reflective of defendant's marketing and store policies and practices. Centralization thus likely would avoid a certain amount of duplicative discovery, eliminate the possibility of conflicting rulings on the scope of discovery and other pretrial matters, and create some efficiencies for the parties and the judiciary. There are, however, only three involved actions and no potential tag-along actions. The putative classes do not appear to overlap.[4] A significant amount of discovery appears almost certain to be case-specific –

---

[1]   As filed, the Section 1407 motion included a fourth action, which was then pending in the Central District of California. That action has since been remanded to state court.

[2]   Panel Rule 6.1(c) provides: "Failure to respond to a motion shall be treated as that party's acquiescence to it."

[3]   In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel heard oral argument by video conference at its hearing session of May 28, 2020. *See* Suppl. Notice of Hearing Session, MDL No. 2939 (J.P.M.L. May 12, 2020), ECF No. 13.

[4]   Although the Pennsylvania action was filed as a putative nationwide class action,
(continued...)

-2-

*i.e.*, directed to conditions in the Family Dollar stores in the state or "operational area" unique to each action. All plaintiffs are represented by the same counsel, and one law firm is defending Family Dollar in all actions. Given these circumstances – only three actions, non-overlapping classes, the likelihood of substantial case-specific discovery, and the presence of common counsel, we are not persuaded that formal centralization under Section 1407 is warranted.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Ellen Segal Huvelle           R. David Proctor
Catherine D. Perry            Nathaniel M. Gorton
Matthew F. Kennelly           David C. Norton

---

⁴(...continued)
plaintiff has moved to file an amended complaint narrowing the geographical scope of the putative class to "the operational region encompassing Defendant's Pennsylvania stores."

**IN RE: FAMILY DOLLAR STORES, INC., ACCESS FOR
INDIVIDUALS WITH DISABILITIES LITIGATION**           MDL No. 2939

## SCHEDULE A

<u>District of Colorado</u>

AGARDY v. FAMILY DOLLAR STORES, INC., C.A. No. 1:19-03381

<u>Northern District of Illinois</u>

RENEAU v. FAMILY DOLLAR STORES, INC., C.A. No. 1:20-00938

<u>Western District of Pennsylvania</u>

LEWANDOWSKI v. FAMILY DOLLAR STORES, INC., C.A. No. 2:19-00858